# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., | CASE NO. 1:11-cv-01233-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| MISTY MILLS, et al., | (ECF No. 11) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff Richard Jose Dupree, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2011, the complaint in this action was dismissed and Plaintiff was granted leave to file an amended complaint within thirty days. (ECF No. 7.) On July 8, 2011, Plaintiff filed an amended complaint. (ECF No. 11.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison Corcoran. Plaintiff met Defendant Mills, a porn star, in Clovis, California. Plaintiff alleges that Defendant Mills has opened a line of credit in Plaintiff's name in a bank in Fresno, California, and has obtained a loan for $100,000 in Plaintiff's name. Additionally, Defendant Mills has opened a line of credit and has committed perjury, identity theft, and satellite violations. After obtaining these lines of credit Defendant Mills went on the run with Defendant Lester Hall, who is her current husband, and was once Plaintiff's foster brother in Fresno, California.

Defendants Mills and Hall are now building a house in Hollywood, California, and have purchased a yacht with the funds they obtained using Plaintiff's personal information. Defendants Mills and Hall currently owe Plaintiff billions of dollars. Defendant Mills is claiming that Plaintiff is the father of her children, however she cannot prove paternity as his name is not on the children's birth certificates.

1  Defendant Mills was able to obtain this fraudulent credit because Zara Arboletta, a member
2  of the satellite organization, is related to Elizabeth Dooley, CEO of Educational Employees Credit
3  Union in Fresno, California.  Plaintiff alleges this is cruel and unusual punishment in violation of
4  the Eighth Amendment and is seeking his immediate release from prison, Defendants being found
5  to have full responsibility to repay any outstanding loans and credit in Plaintiff's name, and $50
6  million dollars for violations of the Constitution and Plaintiff's emotional and mental suffering.

**III.  Discussion**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States."  Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  "The United States Constitution protects individual rights only from *government* action, not from *private* action."  Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original).  "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated."  Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

Plaintiff's allegation that Defendants, two private individuals, have obtained credit in his name fails to allege acts by any person "acting under the color of law" and does not state a cognizable claim under section 1983.  See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985).

**III.  Conclusion and Recommendation**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff suit against private parties is insufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, without prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 2, 2011**                               /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE