# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSE DUPREE, JR., | CASE NO. 1:11-cv-01233-SMS PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATION AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| MISTY MILLS, et al., | (ECF Nos. 11, 15) |
| Defendants. | ORDER STRIKING SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF |
| | (ECF No. 17, 18) |
| | ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

## I. Procedural History

Plaintiff Richard Jose Dupree, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2011, the complaint in this action was dismissed and Plaintiff was granted leave to file an amended complaint within thirty days. (ECF No. 7.) On July 8, 2011, Plaintiff filed an amended complaint. (ECF No.11.) On August 1, 2011, Plaintiff filed a second amended complaint. (ECF 18.) Findings and recommendations issued recommending dismissing this action for failure to state a claim on August 2, 2011 . (ECF No. 15.) On August 5, 2011, Plaintiff filed a form consenting to the jurisdiction of the Magistrate Judge and a letter requesting that he be granted bail. (ECF Nos. 16, 17.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**III.    First Amended Complaint Allegations**

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison Corcoran. Plaintiff met Defendant Mills, a porn star, in Clovis, California. Plaintiff alleges that Defendant Mills has opened a line of credit in Plaintiff's name in a bank in Fresno, California, and has taken obtained a loan for $100,000 in Plaintiff's name. Additionally, Defendant Mills has opened a line of credit and has committed perjury, identity theft, and satellite violations. After obtaining these lines of credit Defendant Mills

Case 1:11-cv-01233-SMS   Document 21   Filed 08/10/11   Page 3 of 5

went on the run with Defendant Lester Hall, who is her current husband and was once Plaintiff's foster brother in Fresno, California.

Defendants Mills and Hall are now building a house in Hollywood, California, and have purchased a yacht with the funds they obtained using Plaintiff's personal information. Defendants Mills and Hall currently owe Plaintiff billions of dollars. Defendant Mills is claiming that Plaintiff is the father of her children, however she cannot prove paternity as his name is not on the children's birth certificates.

Defendant Mills was able to obtain this fraudulent credit because Zara Arboletta, a member of the satellite organization, is related to Elizabeth Dooley, CEO of Educational Employees Credit Union in Fresno, California. Plaintiff alleges this is cruel and unusual punishment in violation of the Eighth Amendment and is seeking his immediate release from prison, Defendants being found to have full responsibility to repay any outstanding loans and credit in Plaintiff's name, and $50 million dollars for violations of the Constitution and Plaintiff's emotional and mental suffering.

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from *government* action, not from *private* action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

Plaintiff's allegation that Defendants, two private individuals, have obtained credit in his name fails to allege acts by any person "acting under the color of law" and does not state a cognizable claim under section 1983. See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985). Since Plaintiff has consented to the jurisdiction of the Magistrate Judge the findings and recommendations filed August 2, 2011, will be vacated and Plaintiff's complaint shall be dismissed for failure to state a claim.

///

3

IV. **Second Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

Plaintiff has previously filed an amended complaint. Plaintiff did not file a motion to amend, nor has the Court granted leave to amended. Plaintiff's amended complaint does not allege any actions taken under color of law and amendment would be futile. Accordingly, the amended complaint shall be stricken from the record.

V. **Letter Requesting Injunctive Relief**

In light of Plaintiff's failure to state any claim upon which relief may be granted, there is no actual case or controversy before the Court, and the Court lacks the jurisdiction to issue the orders sought by Plaintiff. Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A). Further, assuming that Plaintiff was able to amend to state a claim under § 1983, the pendency of this action would not entitle Plaintiff to the issuance of a preliminary injunction aimed at securing bail so he could be released from custody. Id. The Court's jurisdiction is limited to the issuance of orders that remedy the underlying legal claim. Id.

VI. **Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff suit

against private parties is insufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's second amended complaint, filed August 1, 2011, is STRICKEN from the record;
2. The findings and recommendations, filed August 2, 2011, is VACATED;
3. Plaintiff's request for injunctive relief, filed August 5, 2011, is DENIED;
4. This action be dismissed in its entirety for failure to state a claim upon which relief can be granted;
5. The Clerk's Office shall enter judgment; and
6. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   August 9, 2011**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE